# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHUCK TRAVIS COWAN, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-510-SPS |
| DEVON ENERGY CORPORATION, and DEVON ENERGY PRODUCTION COMPANY, L.P. (including affiliated predecessors and affiliated successors), | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PLAINTIFF'S
## AMENDED MOTION TO REMAND

This matter is before the Court on the Plaintiff Chuck Travis Cowan's Amended Motion to Remand [Docket No. 21]. The Plaintiff instituted this action in state court in Pittsburg County, Oklahoma in Case No. CJ-16-232, against the Defendants Devon Energy Corporation and Devon Energy Production Company, L.P (together, "Devon"). The Defendants removed this action based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b), 1446(a), and 1453, pursuant to the Class Action Fairness Act ("CAFA"). The Plaintiff now seeks to have the case remanded to state court pursuant to the "discretionary exception" of CAFA found in 28 U.S.C. § 1332(d)(3). For the reasons set forth below, the Plaintiff's Amended Motion to Remand [Docket No. 21] is hereby GRANTED.

Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." CAFA, however, provides for federal subject matter jurisdiction in cases of "minimal diversity" for class actions involving at least 100 members and an amount in controversy of over $5 million. 28 U.S.C. § 1332(d)(2)(A). *See also Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016) ("Under CAFA, a federal district court has subject matter jurisdiction 'over class actions involving [1] at least 100 members and [2] over $5 million in controversy when [3] minimal diversity is met (between at least one defendant and one plaintiff-class member).'"), *quoting Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (per curiam).

In this case, the Court granted the parties a jurisdictional discovery period to determine whether any of three issues in this case warranted remand back to the District Court of Pittsburg County, Oklahoma: (1) the jurisdictional amount, 28 U.S.C. § 1332(d)(2) (amount in controversy must exceed $5 million); (2) the mandatory exception, 28 U.S.C. § 1332(d)(4) (if the putative class is comprised of greater than two-thirds Oklahoma citizens); and (3) the discretionary exception, 28 U.S.C. § 1332(d)(3) (if the class is comprised of greater than one-third but less than two-thirds Oklahoma citizens based on consideration of six factors[1]). Based on stipulations arising out of the

---

[1] These factors include: "(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was

jurisdictional discovery, the parties agree that the jurisdictional amount is in excess of $5 million and the proposed class is greater than one third but less than two-thirds Oklahoma citizens, and Plaintiff is not requesting remand based on the jurisdictional amount or the mandatory exception. *See* Docket No. 21, Ex. 1. This leaves the discretionary exception at issue.

In the Amended Motion to Remand, the Plaintiff asserts that all six factors weigh in favor of remand, while the Defendants contend, *inter alia*, that they did not weigh in favor of remand and that any "neutral" factor should weigh *against* remand. Prior to this Court's ruling on the Plaintiff's Amended Motion to Remand, the Defendants notified the Court that the Tenth Circuit had accepted an appeal filed in a similar case, *Speed v. JMA Energy Co., L.L.C.*, Case No. 17-7040, and that the Tenth Circuit was likely to issue a ruling fairly quickly on the issues. Accordingly, this Court held a ruling in abeyance until the Tenth Circuit issued its decision on October 2, 2017. In that decision, the Tenth Circuit disagreed with JMA Energy Company's argument that a "neutral" factor should count *against* remand. *Speed v. JMA Energy Company, LLC*, 872 F.3d 1122, 1128 (10th Cir. 2017). The Tenth Circuit then discussed each of the factors in turn, ultimately affirming the grant of remand by the District Court based on the discretionary exception.

---

brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3)(A)-(F).

Upon issuance of the Tenth Circuit's decision in *Speed*, this Court requested supplemental briefing from the parties based on the Tenth Circuit's decision. Devon's Supplemental Brief respectfully disagreed with the Tenth Circuit's decision in *Speed*, but recognized that it would control this Court's determination in the present case. As such, the Defendants no longer oppose an order remanding this specific case to Pittsburg County, noting that such a position is not intended to waive any procedural or substantive arguments as to Plaintiff's claims that may be asserted in Oklahoma state court. Unsurprisingly, the Plaintiff asserted that he believed the facts in this case favored remand more than even the factors in *Speed*, and requested that this Court follow the Tenth Circuit in issuing an order of remand in this case pursuant to the Discretionary Exception of CAFA. In light of the Tenth Circuit's recent decision and Devon's withdrawal of opposition to remand, this Court agrees that remand is appropriate in this case.

Accordingly, IT IS ORDERED that the Plaintiff's Amended Motion to remand [Docket No. 21] is hereby GRANTED. Although federal jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2), the Court exercises its discretion to decline jurisdiction over the case based on the "interests of justice" exception in 28 U.S.C. § 1332(d)(3). Therefore, this case is remanded to the District Court of Pittsburg County, in the State of Oklahoma.

**DATED** this 8th day of November, 2017.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma